UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY B. ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-1201 |
| | ) |
| UNITED STATES | ) |
| VETERANS AFFAIRS, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Plaintiff Terry B. Allen ("Allen") wrote a letter to the attention of the Clerk of the United States District Court located in Peoria, Illinois, and dated it June 9, 2010.  On June 28, 2010, Allen's letter was docketed as his Complaint [#1] in this Court.  In his letter, Allen explains that he attempted to file an appeal of a decision made by the United States Court of Appeals for Veterans Claims to the United States Supreme Court.  He questions why the United States Supreme Court's Justices, having the highest judicial jurisdiction, would refer a federal appeals case over to the local – Illinois – state supreme court.  Allen further explains the reason for now filing in district court, asks how to next challenge his Veterans Appeals case, and requests appointment of counsel in the event this Court accepts his case.  He additionally asks for file-stamped copies of documents in his case, a copy of the "U.S. Federal Courts Rules and Regulations Handbook," a Vietnam case he names "Blue Water U.S. Navy," and for the Clerk to call the Department of Veterans Affairs in order to ask the Department to send him free books. Attachments to Allen's letter/Complaint include correspondence from the Supreme Court of the United States' Office of the Clerk, the Supreme Court of Illinois, unpublished orders from his

1

cases in the United States Court of Appeals for Veterans Claims[1], a *pro se* petition for writ of certiorari to the United States Supreme Court, and various handwritten letters from Allen to state and federal courts. Allen is currently incarcerated in the Big Muddy River Correctional Center in Ina, Illinois, pursuant to Illinois' Sexually Dangerous Persons Act, 725 ILCS 205/0.01 *et seq.*

## DISCUSSION

Federal courts are courts of limited jurisdiction and can only hear cases where the power is granted by the Constitution and authorized by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Landeros-Cisneros v. Reno*, 43 F. Supp. 2d 949, 950 (N.D. Ill. 1999). "The requirements that jurisdiction be established as a threshold matter 'spring from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (internal citation omitted). If a court does not have jurisdiction, it must dismiss the case. *Id.* at 94 (quoting *Ex parte McCardle*, 24 U.S. 506, 514 (1868)); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

The Veterans Judicial Review Act of 1988 ("VJRA"), Pub. L. No. 100-687, 102 Stat. 4105, provides a specific appellate review mechanism for the Secretary's benefits decisions. *Hicks v. Veterans Admin.*, 961 F.2d 1367, 1369 (8th Cir. 1992) (detailing the VJRA's appellate review process); *Lewis v. Norton*, 355 F. App'x 69, 70 (7th Cir. 2009) (same); *Murrhee v. Principi*, 364 F. Supp. 2d 782, 788 (C.D. Ill. 2005) (same). A claimant must first appeal the

---

[1] No. 06-2574, *Allen v. R. James Nicholson*, *Secretary of Veterans Affairs* (Vet. App. May 22, 2009); No. 04-1910, *Allen v. R. James Nicholson, Secretary of Veterans Affairs* (Vet. App. Feb. 15, 2005).

Secretary's decision to the Board of Veterans' Appeals.  38 U.S.C. § 7104.  Next, the claimant must appeal to the Court of Appeals for Veterans Claims, then the claimant must appeal to the Federal Circuit.  38 U.S.C. §§ 7252 and 7292.  Finally, the claimant may appeal to the United States Supreme Court.  38 U.S.C. § 7291.  Section 7292 of the VJRA provides in relevant part:

> The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision . . . ."

38 U.S.C. § 7292(c); *see also* 38 U.S.C. § 7292(d)(1)-(2).  Section 511 of the Veterans' Benefits Act of 1957, Pub. L. No. 85-56, 71 Stat. 83, provides in relevant part:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans.  Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a).

Courts applying Section 511 of the Veteran's Benefits Act have determined that district courts continue to have jurisdiction over facial constitutional challenges to veterans' benefits statutes.  *See Murrhee,* 364 F. Supp. 2d at 787; *Larrabee by Jones v. Derwinski*, 968 F.2d 1497, 1501 (2d Cir. 1992) (internal citation omitted); *Tietjen v. United States Veterans Admin.*, 884 F.2d 514, 515 (9th Cir. 1989) (applying Section 511's precursor, Section 211); *see also Johnson v. Robison*, 415 U.S. 361, 373 (1974) (considering section 211(a), the precursor to 511(a) of the Veterans' Benefits Act, and determining that nothing in the legislative history suggested "any congressional intent  to preclude judicial cognizance of constitutional challenges to veterans'

benefits legislation"). But district courts do not have jurisdiction to hear challenges to the Secretary of Veterans' Affairs decisions. *Lewis,* 355 F. App'x at 70; *Murrhee*, 364 F.Supp. 2d at 787 (citing *McCulley v. United States Dep't of Veterans Affairs*, 851 F. Supp. 1271, 1280 (E.D. Wis. 1994)) ("[A] plaintiff cannot avoid Section 511(a) by disguising his benefits claim in constitutional clothing").

Here, Allen seeks to file an appeal of his "most wrongful decision that was wrongfully denied by . . . the United States Court of Appeals for Veterans Claims." Such allegations do not give this Court jurisdiction to hear Allen's case where he does not raise a facial constitutional challenge. In fact, it is unclear which decision of the United States Court of Appeals for Veterans Claims he is challenging[2], and furthermore, the basis upon which he is challenging the decision or decisions is entirely absent. Because this Court lacks subject matter jurisdiction, it must dismiss Plaintiff Allen's Complaint. *See* FED. R. CIV. P. 12(h)(3).

---

[2] As discussed previously, Allen attached two separate unpublished orders from the United States Court of Appeals for Veterans Claims.

## CONCLUSION

For the reasons set forth above, Plaintiff Terry B. Allen's Complaint [#1] is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.  Any other relief he requests, including appointment of counsel, is therefore MOOT.

ENTERED this 21st day of July, 2010.

                                                s/Michael M. Mihm
                                                Michael M. Mihm
                                                United States District Judge