UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY B. ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-1201 |
| | ) |
| UNITED STATES | ) |
| VETERANS AFFAIRS, | ) |
| | ) |
| Defendant. | ) |

## PAYMENT ORDER

Plaintiff, Terry B. Allen, an inmate at the Big Muddy River Correctional Center in Ina, Illinois, unsuccessfully sought to challenge a decision against him by the United States Court of Appeals for Veterans Claims, and sought leave to appeal without prepayment of costs and fees on pursuant to 28 U.S.C. § 1915. Plaintiff was denied leave to proceed on appeal *in forma pauperis* by this Court and he subsequently failed to pay the $455.00 appellate fees or file a motion for leave to proceed on appeal *in forma pauperis* in the Appellate Court. The Seventh Circuit Court of Appeals dismissed Plaintiff's appeal for failure to pay the required docketing fee pursuant to Circuit Rule 3(b), and further ordered that Plaintiff pay the appellate fee to the clerk of the district court. Consequently, this Court enters the following Payment Order.

Copies of Plaintiff's trust fund ledgers indicate that for the six (6) months immediately preceding the filing of his application, Plaintiff received deposits in the amount of $31.56. Generally, appellants are required to prepay the $450.00 docketing fee plus the $5.00 notice of appeal filing fee. Plaintiff did not do so, and the Seventh Circuit Court of Appeals dismissed his appeal for his failure to pay. Although Plaintiff is unable to pay the entire appellate filing fee at this time, the Court has determined that he is able to pay an initial partial filing fee in the amount

1

of $1.05, which represents twenty percent of his average monthly deposits for the past six (6) months. *See* 28 U.S.C. § 1915(b)(1). However, even if the plaintiff is financially unable to pay an initial partial fee at this time, the Prison Litigation Reform Act requires that payments be deducted from the prisoner's trust fund account when funds become available until the filing fee is paid in its entirety.

IT IS THEREFORE ORDERED that Plaintiff is to send a check or money order in the amount of $1.05 payable to "<u>CLERK, U.S. DISTRICT COURT</u>," within thirty (30) days from the date of this order. This amount represents an initial partial payment of the appellate filing fee.

IT IS FURTHER ORDERED that, following payment of the initial partial appellate filing fee, the Plaintiff shall make monthly payments of twenty percent of the preceding month's income credited to Plaintiff's account.

IT IS FURTHER ORDERED that the agency having custody of Plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to Plaintiff's account. The agency must forward payments from Plaintiff's trust fund account to the Clerk of Court each time Plaintiff's account exceeds $10.00 until the statutory filing fee is paid in its entirety. The filing fee collected shall not exceed the appellate filing fee of $455.00. The Clerk of Court is directed to mail a copy of this Order to Plaintiff's place of confinement, to the attention of the Trust Fund Office.

ENTERED this 29th day of November, 2010.

<u>s/ MICHAEL M. MIHM</u>
Michael M. Mihm
United States District Judge